UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA f/b/o )<br>DOTEN'S CONSTRUCTION, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JMG EXCAVATING & )<br>CONSTRUCTION CO., INC., et al., )<br>)<br>Defendants )<br>)<br>_____ )<br>)<br>GREENWICH INSURANCE COMPANY, )<br>)<br>Third-Party Plaintiff )<br>)<br>v. )<br>)<br>JMG EXCAVATING & )<br>CONSTRUCTION CO., INC., et al., )<br>)<br>Third-Party Defendants ) | Docket No. 03-134-P-S |

*MEMORANDUM DECISION ON MOTION FOR ATTACHMENT ON TRUSTEE PROCESS
AND RECOMMENDED DECISION ON MOTIONS TO ENFORCE SETTLEMENT
AGREEMENT AND FOR ENTRY OF JUDGMENT*

Now before the court are the motion of defendant and cross-claim plaintiff JMG Excavating and Construction Company, Inc. to enforce a settlement agreement (Docket No. 235) and the motions of defendant and third-party plaintiff Greenwich Insurance Company for entry of judgment (Docket No. 239) and for an attachment on trustee process (Docket Nos. 238 & 246). I deny the motion for

attachment, recommend that the motion to enforce be granted and recommend that an evidentiary hearing be held on the motion for entry of judgment.

## Procedural History

On June 3, 2003, the United States, for the use and benefit of Doten's Construction, Inc., filed the complaint in this action, naming JMG Excavating & Construction Co., Inc. ("JMG"), J. A. Jones Management Services, Inc. ("Jones"), XL Environmental, Inc. and Fireman's Fund Insurance Company ("FFI") as defendants. Complaint and Demand for Jury Trial (Docket No. 1) at 1. JMG filed an answer and cross-claims against Jones, XL Environmental, Inc. and FFI. Answer and Cross-Claims of Defendant JMG Excavating & Construction Co., Inc. (Docket No. 11) at 1, 6-9. An amended complaint was filed on July 25, 2003, adding Greenwich Insurance Company ("Greenwich") as a defendant and deleting XL Environmental, Inc. as a defendant. First Amended Complaint and Demand for Jury Trial (Docket No. 15) at 1. Jones and FFI filed an answer to JMG's cross-claims and a cross-claim by Jones against JMG. Answer of J.A. Jones Management Services, Inc., etc. (Docket No. 16) at 1, 4-6. Greenwich filed a third-party complaint against JMG, Crown Performance Corporation, Judith M. Gro and Brian D. Gro. Third Party Complaint of Greenwich Insurance Company ("Third Party Complaint") (Docket No. 21) at 1. JMG amended its cross-claims to name Greenwich rather than XL Environmental, Inc. Amended Answer and Amended Cross-Claims of Defendant JMG Excavating & Construction Co., Inc., etc. (Docket No. 24) at 7-10.

Greenwich filed a motion for partial summary judgment on its third-party complaint (Docket No. 58) which was granted, resulting in the entry of judgment in favor of Greenwich on Counts I-VI of its third-party complaint and on Counts I and III of JMG's cross-claim against it. Order Accepting the Recommended Decision of the Magistrate Judge ("8/4/04 Order") (Docket No. 86) at 1. Count VII of the third-party complaint was declared moot. *Id*. JMG filed a motion for summary judgment (Docket

No. 64), as did the United States (Docket No. 66), Greenwich (Docket No. 72) and FFI (Docket No. 76).  FFI filed a separate motion for summary judgment on JMG's cross-claims.  Docket No. 81. JMG's motion for summary judgment on Counts II-IV of its cross-claim was denied.  Order Affirming the Recommended Decision of the Magistrate Judge (Docket No. 145) at 2.  Summary judgment as to Counts II and III of JMG's cross-claim was granted for Jones and FFI; their motion was otherwise denied.  *Id*.  The plaintiff was granted summary judgment as to Count I of the second amended complaint against FFI and as to Count II against JMG; its motion was otherwise denied.  *Id*. The motion of FFI and Jones was granted as to Counts II and IV of the second amended complaint and otherwise denied.  *Id*.  Greenwich's motion was granted as to Count II of the second amended complaint and otherwise denied.  *Id.*

A settlement conference was held in my chambers on June 2, 2005.  Report of Settlement Conference and Order (Docket No. 233) at 2.  The conference resulted in an agreement to settle the case in its entirety, with one exception.  *Id*.  Counsel for Greenwich, who participated by telephone, took the position that the summary judgment awarded Greenwich against JMG Excavating was for a sum certain. *Id*. n.1.  In my report and order I noted the following:

> A review of the summary judgment decision makes clear that though no sum-certain award was made, the amount due Greenwich by JMG Excavating may be easily determinable.  *See* Recommended Decision on Third-Party Plaintiff's Motion for Partial Summary Judgment (Docket No. 63); Order Accepting Recommended Decision of the Magistrate Judge (Docket No. 86). In any event, Greenwich and JMG Excavating have agreed that to the extent it is necessary for a sum-certain determination to be made, the parties will present that issue to the court, without a jury, for determination of any necessary facts and conclusions of law.  The parties shall advise the court on or before July 5, 2003 whether or not any such issue remains for determination and, if so, file memoranda detailing their respective positions on the issue.

*Id*.  The currently pending motions were filed shortly thereafter.

On June 8, 2005 I held a telephone conference with counsel at the request of counsel for JMG made in response to a letter from counsel for Greenwich to counsel for Jones and FFI (the "June 6 letter") demanding that no funds be disbursed to JMG by Jones or FFI without the express written consent and approval of Greenwich. Report of Conference of Counsel and Order ("6/8/05 Order") (Docket No. 234) at 1. The letter is found in the record as Exhibit A to Motion of JMG Excavating and Construction Co., Inc. to Enforce Settlement Agreement ("JMG Motion") (Docket No. 235). My order states, in relevant part:

> I noted during the ensuing discussion the following: (i) at no time during the settlement conference did Mr. Loeffler [counsel for Greenwich] attach to his client's expressed position the demand contained in his subsequent letter to Mr. Chronis [counsel for Jones and FFI]; and (ii) Mr. Loeffler's demand in no respect alters or affects the commitments made by and among the parties to each other during the settlement conference or the Report of Settlement Conference and Order I issued on June 3, 2005 following adjournment of the conference (Docket No. 233). The court expects all parties to perform in accordance with those undertakings and that order.

6//8/05 Order at 2-3.

### The Motions

Because the pending motions are interrelated, I will discuss them together. JMG represents that, due to the June 6 letter, FFI has refused to pay JMG the amount agreed to in the settlement and that Greenwich subsequently sent a second letter to FFI (the "June 9 letter") in which it demanded that FFI pay $130,000 of the settlement funds to Greenwich rather than to JMG. JMG Motion ¶¶ 9, 13. FFI has apparently offered to place this amount in escrow and pay the remainder of the settlement amount to JMG. *Id*. ¶ 14. JMG requests an order directing FFI to release the entire settlement amount to JMG and finding that Greenwich waived any right to secure the amount that may be due on its judgment against JMG in any manner other than as agreed to at the time of the settlement conference. *Id*. at 5.

Greenwich responds that it "has a direct, substantial and superior right to a portion of the settlement funds" under the indemnity agreement upon which its summary judgment was based and under the doctrine of equitable estoppel. Greenwich Insurance Company's Opposition to JMG Excavating & Cons[truction] Co., Inc.'s Motion to Enforce, etc. ("Greenwich Opposition") (Docket No. 238) at 1-2. As I have already noted, the summary judgment that Greenwich obtained against JMG was not for a sum certain, and it was not for any of the relief specifically requested by Greenwich, the details of which are repeated in its opposition. *Id*. at 4-5. That judgment did not give JMG a right to any particular funds of JMG, including any funds that it might obtain from other parties as a result of this action. *See* 8/4/04 Order & Third Party Complaint ¶¶ 18-35. Greenwich cites authority which supports a claim to some funds under the circumstances. Opposition at 7-8. However, that issue has already been decided in Greenwich's favor. It is the amount of money to which Greenwich is entitled that is still very much at issue. *See* JMG Excavating and Construction Co., Inc.'s Response in Opposition to Greenwich Insurance Company's Motion for Entry of Judgment ("JMG Judgment Opposition") (Docket No. 249) at 4-9.

My two orders, quoted above, are quite clear. As noted in the June 3 order, Greenwich agreed, through counsel, to submit to this court the issue of the amount due from JMG on the summary judgment "to the extent it is necessary" and to advise the court no later than July 5, 2005 if that course of action would be necessary. From all that appears, Greenwich has made no attempt, following the settlement conference, to come to an agreement with JMG on that amount. My second order, entered after Greenwich's demand for a portion of the funds due to JMG from FFI under the terms of the settlement agreement was made known to me, informs the parties that Greenwich's demand has no effect on the commitments made by other parties under the terms of the settlement agreement. Greenwich now seeks, through its motion for entry of judgment, to create such an effect. The motion

5

comes too late. Greenwich could have raised this claim during the settlement discussions. It chose not to do so and to enter into the agreement memorialized in my June 3 order. It cannot now decide to ignore that agreement and seek payment on its judgment via a procedural route which it apparently deems to be more secure. My research, like that presumably conducted by the parties, has located no case law close enough to the facts of this case to be helpful in determining the outcome. However, the intent of my two orders would be violated if JMG's motion were to be denied. I recommend that the motion be granted.

Greenwich included in its opposition to JMG's motion to enforce the settlement a motion for an attachment on trustee process against JMG or an order directing JMG to immediately provide it with $130,000.[1] Greenwich Opposition at 2, 9-11. For the reasons already discussed, I deny the motion for an order directing JMG to immediately turn over the amount to which Greenwich claims to be entitled on its summary judgment. In support of its request for an attachment, Greenwich has submitted an affidavit which it contends demonstrates that it is more likely than not that it will recover at least $90,824.51 on that judgment. Opposition at 9; Affidavit of Carrie Hoffman ("Hoffman Aff.") (Docket No. 240) ¶¶ 8-10. Contrary to JMG's argument, Response of JMG Excavating & Construction Co., Inc., in Opposition to Greenwich Insurance Company's Motion for Attachment on Trustee Process, etc. ("JMG Attachment Opposition") (Docket No. 248) at 2-5, Greenwich's agreement at the close of the settlement conference to submit to the court the question of the amount due on its judgment against JMG if the two parties could not agree cannot reasonably be construed to waive its right to seek an attachment as security for that amount. However, I agree with JMG, *id.* at 5-7, that Greenwich has not met the standard for an attachment under Maine law.

The applicable rule of civil procedure provides, in relevant part:

---

[1] This motion has also been given the separate docket number of 246.

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . . The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies . . . .

Fed. R. Civ. P. 64. Under Maine law, attachment is available under M. R. Civ. P. 4A, which provides, in relevant part:

> No property may be attached unless such attachment for a specified amount is approved by order of the court. Except as provided in subdivision (g) of this rule, the order of approval may be entered only after notice to the defendant and hearing and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

M. R. Civ. P. 4A(c). Subdivision (g) of the Rule deals with *ex parte* applications for attachment, a circumstance that is not present here.[2] The conclusory affidavit submitted by Greenwich provides no support for its demand of $130,000, stating only that "Greenwich deems it necessary to require withholding of $130,000 from the settlement proceeds to cover its losses and fees to date, as well as to protect it from additional loss and expense that may be incurred . . . ." Hoffman Aff. ¶ 12. Nor is the affidavit sufficient to support an attachment in the amount of $90,824.51. The entire support offered by the Hoffman affidavit on this point is the following:

> 8. In or about May 2005, Greenwich paid Doten a total of $6,000.00 to settle Doten's claim on the Bond in this lawsuit.
>
> 9. As of June 23, 2005, Greenwich has sustained losses in the form of attorneys' fees and expenses in the amount of $84,824.51 in investigating and defending claims made on the Bond and in enforcing the terms of the GIA, all of which is recoverable under the specific terms of the GIA.

---

[2] The rule also states that "[a]n attachment of property shall be sought by filing *with the complaint* a motion for approval of the attachment," and that attachment is available on a third-party complaint. M. R. Civ. P. 4A(c), (e) (emphasis added).

7

> 10. Thus, as of June 23, 2005, Greenwich has sustained damages in excess of $90,824.51.

Hoffman Aff. ¶¶ 8-10. No billing records or other data supporting the $84,824.51 figure have been provided. The conclusory statement in paragraph 8 of the affidavit makes no attempt to demonstrate that the $6,000 payment came within the terms of the underlying indemnity agreement. JMG takes the position that much of the attorney fees incurred by Greenwich were unnecessary, excessive and not incurred in good faith. JMG Attachment Opposition at 6-7. In the absence of any supporting documentation, JMG is unable to specify any amount that it is contesting or the reasons why a particular expense should not be recovered. The Hoffman affidavit is too conclusory to support attachment in a specific amount. *See Tisdale v. Peaslee*, 623 A.2d 165, 165 (Me. 1993).

Greenwich's motion for attachment is denied.

In the final pending motion Greenwich seeks the entry of judgment on its motion for summary judgment in the amount of $90,824.51 plus interest with an order requiring the third-party defendants to "keep indemnified Greenwich on an ongoing basis from liability for costs and attorneys' fees sustained and incurred by Greenwich as a result of having executed the bond, and from such costs and attorneys' fees sustained or incurred by Greenwich in connection with the instant litigation." Greenwich Insurance Company's Motion for Entry of Judgment (Docket No. 239) at 5. This motion is supported as to the amount sought only by the Hoffman affidavit, which is too conclusory to provide the necessary support for such an award and such ongoing relief.

Under ordinary circumstances, I would recommend that this motion be denied. However, in this case, I recommend that the court deem the motion to be the document advising the court that a dispute remains as to the amount due on Greenwich's judgment on its third-party claims in accordance with my order of June 3, 2005. If the motion is so characterized, a date for the submission of the

8

memoranda contemplated by that order should be set as soon as possible. Such memoranda should include the parties' respective positions on the appropriate procedural approach to the issue, *i.e.*, whether trial to the court is necessary or whether the dispute may be decided upon affidavits and memoranda of law. If the latter alternative is chosen, the affidavits to be submitted must be presented in far greater detail than is the Hoffman affidavit.

## Conclusion

For the foregoing reasons, (i) the motion of Greenwich Insurance Company for an attachment on trustee process or for other relief (Docket Nos. 238 & 246) is **DENIED**; and I recommend (ii) that the motion of JMG Excavating and Construction Co., Inc. to enforce the settlement agreement (Docket No. 235) be **GRANTED** and (iii) that the motion of Greenwich Insurance Company for entry of judgment (Docket No. 239) be deemed to be a submission indicating that the parties to the third-party complaint have been unable to agree on the amount of damages and are seeking resolution by the court as contemplated by the court's order dated June 3, 2005 (Docket No. 234). In the alternative, I recommend that Docket No. 239 be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 22nd day of July, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge