UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA f/b/o )<br>DOTEN'S CONSTRUCTION, INC., )<br>)<br>      *Plaintiff* )<br>)<br>v. )<br>)<br>JMG EXCAVATING & )<br>CONSTRUCTION CO., INC., et al., )<br>)<br>      *Defendants* )<br>―――――――――――――――――――<br>)<br>GREENWICH INSURANCE COMPANY, )<br>)<br>      *Third Party Plaintiff,* )<br>)<br>v. )<br>)<br>JMG EXCAVATING & )<br>CONSTRUCTION CO, Inc., et al., )<br>)<br>      *Third Party Defendants* ) | Docket No. 03-134-P-S |

### RECOMMENDED DECISION ON THIRD-PARTY PLAINTIFF'S APPLICATION FOR AWARD OF ADDITIONAL ATTORNEY FEES AND EXPENSES

      The third-party plaintiff, Greenwich Insurance Company, seeks an award of attorney fees and costs against the third-party defendants, JMG Excavating & Construction Co., Inc., Crown Performance Corporation, Judith M. Gro and Brian D. Gro, in connection with the judgment which has been entered in its favor and the damages that have been awarded to it on its claims against them in this action. Greenwich Insurance Company's Application for Award of Additional Attorney's Fees and Expenses ("Motion") (Docket No. 275). I recommend that the court grant the motion.

1

## I. Factual Background

The factual background relevant to this motion is set forth in my Memorandum Decision on Motion in Limine Filed by Greenwich Insurance Company and Recommended Decision on Damages to be Awarded to Greenwich Insurance Company Against Third-Party Defendants ("Recommended Decision") (Docket No. 271), *reprinted at* 2005 WL 3557410 (D.Me. Nov. 4, 2005),[1] and will not be repeated here. In that decision, I indicated that Greenwich could file a further request for reimbursement under the indemnity agreement at issue from the third-party defendants for the costs incurred in connection with the damages proceeding but not in connection with Greenwich's motion *in limine* (Docket No. 262), which I denied in that opinion. 2005 WL 3557410 at *9. The current application is that request.

## II. Discussion

I made clear in my recommended decision on the first request for an award of attorney fees and costs under the indemnity agreement that the agreement provided that Greenwich was entitled to charge the defendants "for any and all disbursements made by it in good faith" with respect to the matters covered by the agreement, *id*. at *6, and that under those terms, as a matter of law, the defendants must prove fraud or lack of good faith in order to defeat any of Greenwich's claims for reimbursement, *id*. at *7. In opposing Greenwich's current request for reimbursement in the amount of $22,758.31, Motion at 2, the third-party defendants spend a good deal of time and effort arguing that the burden is nonetheless on Greenwich to show that each of its claimed expenditures was reasonably necessary. Response of JMG Excavating and Construction Co., Inc., and Other Third Party Defendants in Opposition to Greenwich Insurance Company's Application, etc. ("Opposition") (Docket No. 278) at 6-9. For the purposes of this case, that ship has already sailed.

---

[1] Adopted over objection by Judge Singal. Docket Nos. 272, 274.

The third-party defendants do assert, in conclusory fashion, that the amount sought by Greenwich represents "over 55 hours of attorney time . . . in essentially preparing for and attending" the hearing held on September 27, 2005 that resulted in my November 4, 2005 order and that this amount "is excessive, unreasonable and outrageous, and rises to the level of bad faith." Opposition at 7-8. Unfortunately, they never quite discuss *why* the amount, or the number of hours, rises to that level. They make a colorable showing that the number of hours for which reimbursement is sought may well be excessive, *id*. at 8-9, but they cite no authority for, and provide no analysis of, their conclusion that the amount sought rises to the level of bad faith and is "excessive as a matter of law," *id*. at 8.

As I noted in my November 4, 2005 recommended decision, Recommended Decision at *8, under Maine law, an insurer acts in bad faith when it adjusts a loss with the goal of coming within the lower policy limits and the adjustment was "grossly substandard and not conducted in a fair and good faith manner," *County Forest Prods., Inc. v. Green Mountain Agency, Inc.*, 758 A.2d 59, 68 (Me. 2000). Spending an excessive amount of time preparing for a hearing is not, without more, an instance of a comparably "grossly substandard" action.

### III. Conclusion

Accordingly, I recommend that the application be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 17th day of February, 2006.   /s/ David M. Cohen
                                          David M. Cohen
                                          United States Magistrate Judge